**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAXX HAULING, LLC, | Case No. 26-20256 |
| Debtor.[1] | |

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (A) COMPELLING
CAMDEN NATIONAL BANK, ALLIANCE FUNDING, AND WELLS
FARGO TO TURN OVER PROPERTY OF ESTATE;
AND (B) GRANTING EXPEDITED
DETERMINATION**

**This Motion includes a request for an expedited determination pursuant to
Local Rule 9013-4, with a proposed hearing on or before August 14, 2026.  A
statement of the facts and circumstances justifying expedited determination,
as required by Local Rule 9013-4, is included herein.**

Maxx Hauling LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"),

by and through undersigned proposed counsel, moves this Court (the "**Motion**") pursuant to, inter

alia, §§ 362, 541, and 542 of title 11 of the United States Code (the "**Bankruptcy Code**"), for

entry of an order compelling Camden National Bank, Alliance Funding, and Wells Fargo

Equipment Finance (or other applicable Wells Fargo entity) to turn over the Equipment (defined

below) to the Debtor and its estate.  In support of this Motion, the Debtor states as follows:

**JURISDICTION, VENUE AND STATUTORY BASES**

1.      The United States District Court for the District of Maine (the "**District Court**")

has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C.

§ 1334(b).  By the District Court's standing order of reference, this matter was referred to this

Court pursuant to 28 U.S.C. § 157.

---

[1] The last four digits of Maxx Hauling LLC's federal taxpayer identification number are 6292, and its principal place
of business is 61 Norwood Farms Road, York, Maine 03909.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4. The statutory predicates and applicable rules for the relief sought herein are, inter alia, §§ 362, 541, and 542 of the Bankruptcy Code and Local Rule 9013-1 and 9013-4.

### BACKGROUND

5. Contemporaneously hereto (the "**Petition Date**"), the Debtor commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. The Debtor elected to proceed as a small business debtor under Subchapter V of Chapter 11.

6. The Debtor continues to operate its business and manage its assets as debtor and debtor-in-possession pursuant to § 1184 of the Bankruptcy Code. To date, no trustee, examiner, or statutory committee has been appointed in the case by the Office of the United States Trustee.

7. Operating as "Seacoast Paving," the Debtor provides expert paving and asphalt services throughout York County and southern Maine, including commercial parking lots, municipal and private roadways, residential driveways, new construction paving, and sealcoating and repairs. As part of its business operations, the Debtor owns certain equipment and vehicles, some of which was financed by lenders and is subject to liens securing those obligations.

8. As relevant here, the Debtor financed with Camden National Bank ("**CNB**") a 2025 Leeboy 8608 heavy commercial asphalt paver and Chevrolet 8500 dump truck (the "**CNB Equipment**"). The Debtor also financed with Alliance Funding ("**Alliance**") a Kenworth T660 dump truck and 2018 Leeboy 8520 commercial paver (the "**Alliance Equipment**") and with Wells

Fargo Equipment Finance (or such other applicable Wells Fargo entity, "**Wells Fargo**") a 2021 Chevy 2500 HD tool truck (the "**WF Equipment**" and, together with the Alliance Equipment and the CNB Equipment, the "**Equipment**").

9. The Equipment is necessary for the Debtor to complete paving and other jobs, and to secure revenue necessary to fund the business operations. It also is essential to the Debtor's efforts to complete a going-concern reorganization that the Debtor have use of all of its necessary assets, including the Equipment. Indeed, the Debtor currently has over $2 million of future jobs lined up, but the Equipment is necessary for completing nearly all of those jobs and securing future business.

10. At various times in mid and late July, CNB, Alliance, Wells Fargo repossessed the Equipment, respectively. To the best of the Debtor's knowledge, CNB, Alliance, and Wells Fargo continue to possess the respective Equipment as of the Petition Date.

11. The Equipment continues to be owned by the Debtor, and the Debtor and its estate have an interest in the Equipment, including an equitable interest.

## RELIEF REQUESTED

12. Pursuant to §§ 541 and 542 of the Bankruptcy Code, the Debtor seeks the immediate turnover of the Equipment, which constitutes property of the Debtor's estate.

## BASIS FOR RELIEF

13. Pursuant to § 541, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541 is broadly construed to include all of a debtor's legal and equitable property interests, including interest as to property that may have been repossessed prior to the petition date. See 11 U.S.C. § 541(a)(1); In re Yonikus, 996 F.2d 866 (7th Cir. 1993) (holding that virtually all property of debtor

3

becomes property of the estate); In re TLB Equip., LLC, 479 B.R. 464, 479 (Bankr. S.D. Ohio 2012) (right to redeem and obtain possession of equipment became property of bankruptcy estate on petition date); In re Rutherford, 329 B.R. 886, 890 (Bankr. N.D. Ga. 2005) ("A debtor retains a legal interest, within the meaning of section 541(a)(1), in a vehicle repossessed prior to the filing of the debtor's petition so long as the debtor continues to hold legal title to the vehicle under applicable state law.").

14.     Moreover, § 542(a) of the Bankruptcy Code requires persons or entities in possession of property of the estate to turn over that property to a debtor in possession. Specifically, the Bankruptcy Code section provides that

> [e]xcept as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).  See also In re Armstrong, 206 F.3d 465, 471 (5th Cir. 2000) ("Bankruptcy Code § 542(a) requires those in possession of property belonging to the bankruptcy estate to turn over that property to the trustee.").

15.     Further, § 362(a)(3) of the Bankruptcy Code forbids "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3); Mitchell v. BankIllinois (In re Mitchell), 316 B.R. 891, 899 (S.D. Tex. 2004) (failure of a creditor to return property of the estate, including vehicles, after request by the debtor, constitutes a violation of § 362(a)(3)); Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773, 775 (8th Cir.1989) ("[T]he duty [to turn over property of the estate] arises upon the filing of the bankruptcy petition.  The failure to fulfill this duty, regardless of whether

4

the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over the property of the estate' in violation of the automatic stay.").

16.     Here, there is no dispute that the Equipment constitutes property of the Debtor's estate under § 541 of the Bankruptcy Code.  The Equipment, moreover, is of substantial value and benefit to the estate, including so the Debtor can fulfill contracts and generate new revenue to execute on its reorganization.  CNB, Alliance, and Wells Fargo are in possession, custody, or control of the Equipment and continue to retain the Equipment after the Petition Date.  CNB, Alliance, and Wells Fargo will have received notice of this chapter 11 case, and by continuing to exercise control over the Equipment after the Petition Date, they have engaged in an act to exercise control over property of the estate in violation of § 362(a)(3).  Any rights as a secured lender do not justify the continued retention of the Equipment, as property of the estate, after the Petition Date.[2]   Accordingly, the Debtor is entitled to entry of an order compelling turnover of the Equipment.

**REQUEST FOR EXPEDITED RELIEF**

17.     The Debtor requests that the Court schedule an expedited hearing on this Motion so that the Debtor can secure immediate return of the Equipment.  The Debtor continues to lose valuable projects because it lacks the equipment necessary to perform, as the Equipment constitutes some of the most critical assets of the Debtor.  Not only does this harm the Debtor and its estate in the near term, but it also threatens the Debtor's reputation, long-term profitability, and ability to reorganize.  Thus, if this Motion is not heard on an expedited basis, the Debtor's business operations—and prospects for a successful reorganization—will be severely, and irreparably,

---

[2] The creditors' entitlement to adequate protection raises a separate issue and does not justify the retention of the Equipment.  Indeed, adequate protection exists to protect creditors while a debtor continues to use their collateral, which is premised on the debtor's right to possess and use the equipment in the first place during the case.

harmed because the Debtor will have insufficient funds to meet its obligations and generate new revenue.  Accordingly, the Debtor requests a hearing on or before August 14, 2026, as to this Motion so that the Debtor may regain possession of the Equipment and perform new jobs starting next week.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form filed herewith, granting the relief requested herein.

Dated:   August 10, 2026

Respectfully submitted,

**BERNSTEIN, SHUR, SAWYER & NELSON, P.A.**

*/s/ Adam R. Prescott*
Adam R. Prescott, Esq.
100 Middle Street
PO Box 9729
Portland, Maine 04104
Telephone: (207) 774-1200
Facsimile: (207) 774-1127
aprescott@bernsteinshur.com

*Proposed Counsel to the Debtor and Debtor in Possession*

6

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAXX HAULING, LLC, | Case No. 26-20256 |
| Debtor.[1] | |

**ORDER GRANTING MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER
COMPELLING CAMDEN NATIONAL BANK, ALLIANCE FUNDING, AND WELLS
FARGO TO TURN OVER PROPERTY OF ESTATE**

Upon the *Motion of the Debtor for Entry of an Order Compelling Camden National Bank, Alliance Funding, and Wells Fargo to Turn Over Property of the Estate* [Docket No. ____] (the "**Motion**") filed by the Debtor;[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and good and sufficient cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      CNB shall, within twenty-four (24) hours of entry of this Order, deliver the CNB Equipment to the Debtor or otherwise make the CNB Equipment available for the Debtor to pick up at a reasonable location.

---

[1] The last four digits of Maxx Hauling LLC's federal taxpayer identification number are 6292, and its principal place of business is 61 Norwood Farms Road, York, Maine 03909.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to such term in the Motion.

3.      Alliance shall, within twenty-four (24) hours of entry of this Order, deliver the Alliance Equipment to the Debtor or otherwise make the Alliance Equipment available for the Debtor to pick up at a reasonable location.

4.      Wells Fargo shall, within twenty-four (24) hours of entry of this Order, deliver the WF Equipment to the Debtor or otherwise make the WF Equipment available for the Debtor to pick up at a reasonable location

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:                                          _____

United States Bankruptcy Judge
District of Maine

2